IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEARWOOD FLEMING,                          No C 05-3564 VRW

    Petitioner,

                                     ORDER

    v

ANTHONY KANE,

    Respondent.
_____/

BOARD OF PAROLE HEARINGS,

    Real party in interest.
_____/

    Petitioner Shearwood Fleming has filed a petition for writ of habeas corpus pursuant to 28 USC section 2254. Doc # 1. According to the petition, petitioner pled guilty to second degree murder for his role in a homicide that occurred in 1980, when he was twenty years old. Ptn at 9-10. He was sentenced in the superior court for Los Angeles County to a term of fifteen years to life with a two-year enhancement for use of a handgun. Id at 10. He is now incarcerated at Soledad Correctional Training Facility in Monterey County. Id at 9, 23. The petition does not allege that petitioner has presented the claims of the petition to the state courts.

\\

The gravamen of the petition is that petitioner has sought parole on several occasions beginning in 1990 but has been denied parole on each occasion. The most recent parole hearing, the one specifically challenged by the petition, was on July 29, 2002. Ptn at 15. Petitioner alleges that he has participated in numerous programs available to him in prison, earned his high school equivalency certificate, developed marketable skills through prison-based vocational training and matured emotionally. Ptn at 7-8, 12-13. He alleges that the stated justifications for denial of his parole were legally insufficient in light of the terms of his plea agreement and in light of his subsequent personal and vocational accomplishments.

The court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a); Rose v Hodges, 423 US 19,21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto. 28 USC § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v Vasquez, 908 F2d 490, 491 (9th Cir 1990) (quoting Blackledge v Allison, 431 US 63, 75-76 (1977)).

While there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v Inmates of Nebraska Penal & Corr

\\

2

*Complex*, 442 US 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when or unless certain designated findings are made, and thereby give rise to a constitutionally-protected liberty interest, see *Board of Pardons v Allen*, 482 US 369, 376-78 (1987) (Montana parole statute providing that board "shall" release prisoner, subject to certain restrictions, creates due process liberty interest in release on parole); *Greenholtz*, 442 US at 11-12 (Nebraska parole statute providing that board "shall" release prisoner, subject to certain restrictions, creates due process liberty interest in release on parole). In such a case, a prisoner gains a legitimate expectation in parole that cannot be denied without adequate procedural due process protections. See *Allen*, 482 US at 373-81; *Greenholtz*, 442 US at 11-16.

California's parole scheme uses mandatory language and is largely parallel to the schemes found in *Allen* and *Greenholtz* to give rise to a protected liberty interest in release on parole:

> The panel or board shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting.

Cal Penal Code § 3041(b). Accordingly, under the framework of *Allen* and *Greenholtz*, "California's parole scheme gives rise to a cognizable liberty interest in release on parole." *McQuillion v Duncan*, 306 F3d 895, 902 (9th Cir 2002). The scheme creates a presumption that parole release will be granted unless the statutorily defined determinations are made. Id. This is true

\\

3

1 regardless of whether a parole release date has ever been set for
2 the inmate, because "[t]he liberty interest is created, not upon the
3 grant of a parole date, but upon the incarceration of the inmate."
4 Biggs v Terhune, 334 F3d 910, 915-16 (9th Cir 2003) (finding initial
5 refusal to set parole date for prisoner with 15-to-life sentence
6 implicated prisoner's liberty interest).

7       For good cause shown, the court now orders as follows:

8       1.  The clerk shall serve by certified mail a copy of this
9 order and the petition and all attachments thereto upon the
10 respondents and the respondent's counsel, the Attorney General of
11 the State of California.  The clerk shall also serve a copy of this
12 order on the petitioner's counsel.

13       2.  Respondent shall file with the court and serve upon
14 the petitioner, within sixty (60) days of the issuance of this
15 order, an answer conforming in all respects to Rule 5 of the Rules
16 Governing Section 2254 Cases, showing cause why a writ of habeas
17 corpus should not be issued.  Respondent shall file with the answer
18 a copy of all portions of the state trial and appellate record that
19 have been transcribed previously and that are relevant to a
20 determination of the issues presented by the petition.

21       3.  If the petitioner wishes to respond to the answer, he
22 shall do so by filing a traverse with the court and serving it upon
23 the respondents within thirty (30) days of his receipt of the
24 answer.

25       IT IS SO ORDERED.

                                    VAUGHN R WALKER
                                    United States District Chief Judge