IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEARWOOD FLEMING,

    Petitioner,

    v

ANTHONY KANE,

    Respondent.

BOARD OF PAROLE HEARINGS,

    Real party in interest.

No C 05-3564 VRW

ORDER

Respondent Anthony Kane has moved to dismiss petitioner Shearwood Fleming's habeas corpus petition, claiming it is barred by the one-year statute of limitations under 28 USC section 2244(d)(1). Doc # 12. Petitioner amended his petition rather than enter a formal opposition to respondent's motion and argues that he is within the one-year limit. Docs # 15, # 16.

The court has reviewed respondent's memorandum and petitioner's amended petition and finds oral argument unnecessary to adjudicate this matter. For the reasons stated herein, respondent's motion to dismiss is DENIED.

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 USC section 2244(d)(1). Neither party disputes 2244(d)(1)'s applicability. The dispute arises over when to begin counting the days. The following table sets forth the relevant dates and events.

| Date | Event | Days Elapsed from Previous Event |
|---|---|---|
| September 18, 2002 | The Board of Prison Terms (BPT)[1] conducted petitioner's parole hearing at issue. Doc # 1 at 15. | - |
| October 18, 2002 | The BPT's decision to deny petitioner parole becomes effective. Doc # 16 at 4; Appx A-I, Ex C at 326. | 0 |
| March 18, 2003 | Petitioner files an administrative appeal of the BPT's denial of his parole. Doc # 16 at 4; Appx A-I, Ex D at 328. | 151 |
| July 8, 2003 | The BPT denies petitioner's appeal. Doc # 12, Ex 1. | - |
| October 18, 2003 | Petitioner admits to service of denial of appeal on his counsel. Doc # 1 at 23. | 0 |
| August 17, 2004 | Petitioner files his habeas petition in Los Angeles Superior Court. Doc # 1 at 23; Appx A-II, Ex J at 701. | 304 |
| July 20, 2005 | California Supreme Court denies review of petition. Doc # 1 at 23; Appx A-II, Ex L. | 0 |
| September 2, 2005 | Petitioner files his habeas petition in this court. Doc # 1. | 44 |

---

[1]The BPT was abolished on July 1, 2005 and replaced with the Board of Parole Hearings (BPH). See Cal Gov Code section 12838.4 (2007). The court will continue to use BPT to denote the past actions of the "board," even though the BPH is now the real party in interest.

2

I

Respondent asserts that the 151 days that elapsed between October 18, 2002 when the BPT's decision became effective and March 18, 2003 when petitioner filed his administrative appeal should count toward the one-year period "because no court or administrative decisions were pending." Doc # 12 at 3, Doc # 19 at 2. The court disagrees. Subsection (D) of section 2244(d)(1) applies to habeas petitions challenging parole board decisions. See Shelby v Bartlett, 391 F 3d 1061, 1065-66 (9th Cir 2004); Redd v McGrath, 343 F 3d 1077, 1081-85 (9th Cir 2003). Subsection (D) mandates that the statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 USC section 2244(d)(1)(D). The "factual predicate" used by courts in habeas cases challenging parole board actions is the day the administrative appeal becomes final, subject to the petitioner receiving proper notice. Shelby, 391 F 3d at 1066; Redd, 343 F 3d at 1084.

Respondent's claim that no case was pending between the BPT's denial of parole and the filing of the appeal 151 days later is unavailing in light of Shelby and Redd.

Respondent next argues that the 151 days should count against petitioner's time because of petitioner's "unreasonable delay." Doc # 12 at 3, Doc # 19 at 2-3. This argument is equally unavailing. Each case respondent cites in support of his "unreasonable delay" argument concerns an unreasonable delay by a habeas petitioner in filing a state habeas petition; none concerns an administrative appeal in the parole context. Id. Further, even

3

if the "unreasonable delay" argument were applicable in the administrative appeals context, there is no indication that petitioner unreasonably delayed in filing his administrative appeal. The applicable law in effect when petitioner filed his appeal required prisoners to file their appeals within ninety (90) days of receipt of written confirmation of the BPT's decision. See 15 CCR section 2052(c). October 18, 2002, the day respondent urges the court to count from, is the wrong day to begin counting the ninety (90) days to appeal unless this is the same day petitioner received written confirmation of the BPT's decision. The fact that the BPT processed petitioner's appeal amounts to an acknowledgment that it was timely filed. And the BPT's processing of the appeal shows that petitioner did not unreasonably delay in his filing.

II

The court must determine when petitioner "could have discovered through the exercise of due diligence" the fact that the BPT denied his administrative appeal before it can accurately calculate the days elapsed from 2244(d)(1)'s statute of limitations. Courts have held that notice is necessary to apprise prisoners of the action taken against them. In Shelby, where the issue was when the statute of limitations began running for a habeas petitioner challenging a state prison disciplinary decision, the court cited Burger v Scott, 317 F 3d 1133, 1138 (10th Cir 2003) for the principle that "the limitations period beg[an] on * * * the undisputed date Burger learned of the change in his parole reconsideration date" (internal quotations omitted). 391 F 3d at 1062. The court in Shelby noted that since "Shelby does not

4

United States District Court
For the Northern District of California

dispute that he received timely notice of the denial of his administrative appeal * * * and he offers no evidence to the contrary," the limitation period started the day following the denial of the administrative appeal.  Id.  See also Redd, 343 F 3d at 1082 ("Redd does not dispute that he received notice of the Board's decision on December 7.  The limitations period therefore began to run the following day."); Cook v New York State Division of Parole, 321 F 3d 274, 280 (2d Cir 2003)(The statute of limitations began to run when the petitioner "was notified that the administrative decision to revoke his parole had become final.").

Respondent submits with his motion a copy of the BPT's July 08, 2003 denial of petitioner's administrative appeal.  Doc # 12, Ex 1.  Petitioner contends in his amended petition that neither he nor his attorneys received notice of the BPT's July 8, 2003 denial and, therefore, the statute of limitations did not begin to run until after the California Supreme Court denied petitioner's habeas petition on July 20, 2005.  Doc # 16 at 4-5.  But in petitioner's original petition he admitted that on October 18, 2003 the BPT "first served the denial of the administrative appeal on Petitioner's counsel."  Doc # 1 at 23.  Respondent has not produced any evidence showing that petitioner received notice of the denial or a proof of service showing when petitioner's attorneys received notice of the denial.  Nor has respondent offered any evidence that petitioner could have learned of the decision through the exercise of due diligence.  Petitioner, on the other hand, submitted the declaration of Naomi Chairez.  Doc # 18-3.  Ms Chairez declares that she personally spoke to Mike Terry, who works at the BPT Desk, and he related to her that the records indicated that petitioner

1  was not served. Id at 2. Ms Chairez also declares that she
2  reviewed the files of petitioner's attorney and that they too were
3  never served with the denial of petitioner's administrative appeal.
4  Id. As noted above, respondent does not offer any evidence to
5  refute either point. Nevertheless, because the petitioner offers
6  no explanation for the inconsistency and because the statements in
7  the original petition are unequivocal, the court treats October 18,
8  2003 as the date from which 28 USC section 2244(d)(1)'s one-year
9  time limit began to run.

10        Three-hundred and four (304) days elapsed between October
11 18, 2003, when the clock began ticking, and August 17, 2004, when
12 petitioner filed his habeas petition in Los Angeles superior court.
13 These 304 days count against petitioner's time. The statute of
14 limitations is tolled, however, upon the filing of a collateral
15 challenge in state court until there is final resolution in the
16 state system. See 28 USC section 2244(d)(2); <u>Evans v Chavis</u>, 546
17 US 189, __ (2006); <u>Carey v Saffold</u>, 536 US 214, 219-20 (2002);
18 <u>Brown v Poole</u>, 337 F 3d 1155, 1158 (9th Cir 2003). The California
19 Supreme Court denied review on July 20, 2005 and petitioner filed
20 his habeas petition in this court on September 2, 2005, forty-four
21 (44) days later. Forty-four (44) days, added to the 304 days
22 referred to above, equal 348 days. Petitioner's filing falls
23 within the one-year requirement prescribed by section 2244(d)(1).
24 //
25 //
26 //
27 //
28 //

For the forgoing reasons, respondent's motion to dismiss is DENIED.  Respondent shall now respond on the merits to the order to show cause dated July 5, 2006.  Doc # 11.  Respondent's response is due thirty (30) days from the date of this order.

IT IS SO ORDERED.

**VAUGHN R WALKER**
**United States District Chief Judge**